## NICHOLS v. HILL.

*Defense — purchaser at sale under mechanics' lien foreclosure may set up invalidity of prior mortgage.*

The purchaser at a sale upon the foreclosure of a mechanics' lien, *held*, to be entitled to set up as a defense to a mortgage executed and recorded prior to the filing of the lien, that such mortgage was without consideration, and that an assignment thereof to plaintiff was invalid.

APPEAL by defendants Iremonger, from a judgment in favor of plaintiff, entered upon the report of a referee.

The action was brought by John A. Nichols against Charles A. Hill and others, to foreclose a mortgage given by defendant Hill. The defendants Iremonger, subsequent to the execution of such mortgage, filed a mechanics' lien for work done upon buildings on the mortgaged premises.  The lien was foreclosed, and the property purchased by one Kuhn for the defendants Iremonger.

Upon the trial said defendants offered evidence tending to show that no consideration was given by the mortgagee for the mortgage, and that an assignment thereof by the mortgagee to plaintiff was invalid, but the evidence was excluded.

*John R. Kuhn, John H. Bergen* and *Philip Reilly,* for appellants.

*Johnson & Cantine,* for respondent.

Present — BARNARD, P. J., TAPPEN and DONOHUE, JJ.

BARNARD, P. J.  In the case of *Knickerbocker Life Insurance Co.* v. *Hill, ante,* page 285, argued at the same time with this case, I arrived at the conclusion that the defendants, the Iremongers

Nichols v. Hill.

by virtue of the referee's deed to Kuhn, and by the declaration of trust from Kuhn to them became the owners of the legal estate subject to whatever power in trust, if any, was created by the declaration in trust. In this respect that case is identical with this. The Iremongers were, therefore, entitled to destroy, if they could, any prior lien affecting their land.

They sought to show that the mortgage in question, was given for no present consideration; that nothing had ever been given therefor as between the original parties, and that the plaintiff paid nothing for it. The referee erred in excluding this evidence.

There should be a new trial at special term, costs to abide event.

*Judgment reversed and new trial granted.*